# United States District Court
## Northern District of Indiana

IN THE MATTER OF: PIER 39 LLC,      )   Appeal from the United States
                                           )   Bankruptcy Court, Northern District
        Debtor-Appellant,       )   of Indiana, South Bend Division
                                           )
                                         )   District Court Case No. 3:11-CV-493 JVB
                                         )
                                         )   Bankruptcy Case No. 11-33733

### OPINION AND ORDER

Debtor Pier 39 LLC is appealing a bankruptcy court order dismissing its Chapter 11 case. For the reasons set forth below, the decision of the bankruptcy court is **AFFIRMED**.

### A.      Background

On October 12, 2010, Pier 39 filed a voluntary bankruptcy under Chapter 11 of the Bankruptcy Code, Bankruptcy Case No. 10-34860 (the "2010 Case"). Pier 39's only scheduled asset was real estate located at 10351 State Road 39, LaPorte, Indiana. The only scheduled debts were the to the following debtors: Bayview Loan Servicing LLC in the amount of $519,066.41; Fifth Third Bank for $1,419,944.30; and First State Bank of Middlebury for an unknown amount.

On April 4, 2011, the United States Trustee filed a motion to dismiss or convert the 2010 Case from a Chapter 11 to a Chapter 7 case, which Pier 39 opposed. The bankruptcy court granted the motion to convert on August 3, 2011, and later denied a motion to reconsider its ruling. The Chapter 7 case remains pending. J. Richard Ransel, the Appellee in this case, was appointed trustee of the 2010 case and is administering it. Next, on September 27, 2011, Pier 39

filed this Chapter 11 case (the "2011 Case"), listing the same asset and the same debts as it did in the 2010 Case. The bankruptcy court issued an order to Pier 39 to show cause why the 2011 case should not be dismissed, because of the pendency of the 2010 case. The bankruptcy court held a hearing on October 25, 2011, and dismissed the case. The transcript of the hearing shows that the bankruptcy court's dismissal was based on *In re Sidebottom*, 430 F.3d 893 (7th Cir. 2005). This appeal followed.

**B.     Standard of Review**

A district court reviews bankruptcy court findings of fact for clear error; conclusions of law are reviewed de novo. *In re Midway Airlines Inc.*, 383 F.3d 663, 668 (7th Cir. 2004).

**C.     Discussion**

There is general agreement that a debtor may not maintain two concurrent actions with respect to the same debts. *In re Sidebottom*, 430 F.3d at 898. The Bankruptcy Code is designed to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code. *Id.* While *Sidebottom* dealt with simultaneous Chapter 7 and Chapter 13 cases, the Court sees no reason for a different result with regard to simultaneous Chapter 7 and Chapter 11 cases. Here, it is undisputed that the Chapter 7 and Chapter 11 cases involve the same debts. Just as in *Sidebottom*, allowing Pier 39 to proceed with the Chapter 11 case significantly affects the Chapter 7 trustee's ability to administer the estate. Moreover, a debtor should not be permitted to circumvent a conversion order by filing a new Chapter 11 case. The appropriate means of challenging the conversion of the 2010 case was to appeal the

bankruptcy court's decision in that case.

**D.      Conclusion**

The decision of the bankruptcy court dismissing Bankruptcy Court Case No. 11-33733 is

**AFFIRMED.**

SO ORDERED on May 2, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
